**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7403**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENNETH ROSHAUN REID,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:04-cr-00353-CMC-1)

Submitted:  January 18, 2018                                      Decided:  January 23, 2018

Before GREGORY, Chief Judge, and SHEDD and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Kenneth Roshaun Reid, Appellant Pro Se.  Beth Drake, Acting United States Attorney, Jimmie Ewing, William Kenneth Witherspoon, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Roshaun Reid seeks to appeal his sentence imposed as part of the criminal judgment entered following his convictions after a jury trial for conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2012), murder and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(j)(1) (2012), and possession of firearms and ammunition by an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3) (2012).  We dismiss the appeal.

In criminal cases, a defendant must file his notice of appeal within 14 days after the entry of judgment.[1]  Fed. R. App. P. 4(b)(1)(A)(i).  With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal.  Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985).  The district court entered the criminal judgment on August 4, 2006.  Reid's notice of appeal was filed on October 16, 2017.[2]

Reid's appeal notice is thus untimely, and he has not obtained an extension of the appeal period.  Further, although the appeal period in a criminal case is not a

---

[1] At the time judgment was entered, the appeal period was 10 days.  Fed. R. App. P. 4(b)(1)(A)(i) (2006).  On December 1, 2009, the period was extended to 14 days.  Fed. R. App. P. 4(b)(1)(A)(i) (2009).  Reid's notice of appeal is untimely under either period.

[2] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the undated notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the district court.  Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

jurisdictional provision, but, rather, a claim-processing rule, *Bowles v. Russell*, 551 U.S. 205, 209-13 (2007); *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), we conclude that, because Reid already has completed collateral review of the same judgment he now seeks to appeal, extraordinary circumstances meriting sua sponte dismissal of the appeal are present. *United States v. Oliver*, ___ F.3d ___, No. 15-4376, 2017 WL 6505851, at *6-7 (4th Cir. Dec. 20, 2017).

We therefore dismiss the appeal. We deny Reid's motion for a certificate of appealability and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*
